UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GORDON STOKELIN, | : | |
| Plaintiff, | : | Civil No. 17-3484 (RBK) |
| v. | : | |
| A.C.J.F. WARDEN, | : | **OPINION** |
| Defendant. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Gorden Stokelin, is a state prisoner currently incarcerated at South Woods State Prison in Bridgeton, New Jersey. At the time of the filing of this complaint, the plaintiff was incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey. The plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief can be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## II. FACTUAL BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the warden at the Atlantic County Justice Facility for allegedly unconstitutional conditions of confinement.

During his period of incarceration, Plaintiff alleges that he was forced to live in "deplorable" conditions. (Dkt. No. 1 at pg. 4) Specifically, Plaintiff asserts that there was black mold in the showers and possibly "underneath the paint in the dayroom," that the ventilation system was poor, and that the food was "not worthy of consumption." (*See id*.) Plaintiff contends that he informed an unidentified correctional sergeant multiple times about these undesirable circumstances, however, no remedial actions occurred. Plaintiff now seeks relief in the form of monetary damages for the "pain and suffering" he endured living in these conditions. (*See id.* at 5).

### III. LEGAL STANDARDS

Under the Prisoner Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV. DISCUSSION

At the outset, this Court notes that it is unclear from Plaintiff's Complaint whether he was a pretrial detainee or a convicted prisoner at the time he filed the instant complaint. If Plaintiff was a pretrial detainee, then his claims must be analyzed under the Fourteenth Amendment. *See Mestre v. Wagner*, 488 F. App'x 648, 649 (3d Cir. 2012). If, however, Plaintiff was a convicted prisoner at the time of filing, then his claims must be analyzed under the Eighth Amendment. *Id.*

Under the Eighth Amendment, the government is prohibited from inflicting "cruel and unusual punishment" upon those convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). In prison, correctional officers are under a duty to provide "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting

3

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). For conditions of confinement to violate the Eighth Amendment, the conditions must deny the "minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 835.

Under the Fourteenth Amendment, the government is prohibited from subjecting a pretrial detainee from punishment prior to adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining whether conditions of confinement amount to "punishment" is a two-prong test. *See Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) First, courts must inquire "whether any legitimate purposes are served by these conditions," and second, courts must determine "whether these conditions are rationally related to these purposes." *Id.* at 232 (quoting *Union County Jail Inmates v. Di Buono*, 713 F.2d 984 (3d Cir. 1983)). "Under the Fourteenth Amendment, a pretrial detainee is entitled 'at a minimum, [to] no less protection' than a sentenced inmate is entitled to under the Eighth Amendment." *Williams v. Meisel,* No. 13-492, 2014 WL 4744561, at *9 (E.D. Pa. Sept. 24, 2014) (quoting *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000)) (internal citations omitted).

This Court will now examine each of Plaintiff's conditions of confinement claims in turn under both the Eighth and Fourteenth Amendment standards.

A. <u>Moldy Showers</u>

Plaintiff first alleges that there is "black mold in the showers" and possibly "underneath the paint in the dayroom." Under both the Eighth and Fourteenth Amendments, the presence of mold can raise a cognizable claim if it poses a substantial risk of serious harm. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (holding that inmates should not be "expose[d] to [contaminants] that pose an unreasonable risk of damage to future health."). *See also Smith v.*

*Leonard*, 244 F. App'x 583, 584 (5th Cir. 207) (finding constitutional claim existed where prisoner alleged physical injuries as a result of toxic mold).

However, a plaintiff must allege sufficient facts that demonstrate the mold presents an unreasonable risk of harm. *See Forde v. Fischer*, No. 08-5026, 2009 WL 5174650, at *4 (D.N.J. Dec. 16, 2009) (finding plaintiff's allegation of mold failed to demonstrate an Eighth Amendment violation where plaintiff provided "no facts alleging risk, let alone substantial risk, and no facts regarding harm, let alone serious harm."); *see also Williams,* 2014 WL 4744561, at *4 (holding that the presence of mold in prison shower did not violate the Fourteenth Amendment because inmates were not exposed to an unreasonable risk of serious damage to their future health). Moreover, "[t]he mere presence of mold does not indicate an objectively serious deprivation of life's necessities." *Forde*, 2009 WL 5174650, at *4 (alteration in original). Simply put, while the presence of mold may be "unpleasant," unless it poses a serious health risk, it is not a constitutional violation. *See Peterkin v. Jeffes*, 661 F. Supp. 895, 915 (E.D. Pa. 1987), *rev'd on other grounds,* 855 F.2d 1021 (3d Cir. 1988).

Here, Plaintiff has failed to allege any risk of harm resulting from the mold. Plaintiff does not contend that the mold is toxic in any way. He does not allege that he has suffered from any physical ailments as a result of the mold. Nor does Plaintiff assert that he might suffer harm in the future from exposure to the mold. As stated above, *pro se* litigants must allege facts in their complaints, which taken as true, would support their claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Even construing Plaintiff's claim liberally, his only facially plausible allegation is that the presence of black mold is unpleasant. Most significantly, Plaintiff fails to provide any facts that might indicate a risk of harm. Accordingly, Plaintiff fails to state a claim under either the Eighth or Fourteenth Amendment.

B. Food Quality

Plaintiff next alleges that the food served at the Atlantic County Justice Facility is "not worthy of consumption." The Constitution requires that inmates be provided with basic human needs, including food, and that an inmate's diet must provide them with "adequate nutrition." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013).

For a constitutional violation to occur under either the Eighth or Fourteenth Amendment, an inmate's diet must present an "immediate danger to the health and well being of the inmates who consume it," or there must be a "substantial deprivation of food" to the inmate. *Alpheaus v. Camden Cty. Corr. Facility*, No. 17-0180, 2017 WL 2363001 (D.N.J. May 31, 2017) *(*quoting *Duran*, 923 F. Supp. 2d at 720). "Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" *Duran,* 932 F. Supp. 2d at 720 (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp. 2d at 720. Cold meals and meals lacking in variety are similarly not considered a constitutional violation. *See Nickles v. Taylor*, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010).

Here, Plaintiff makes no argument that his meals were ever spoiled or lacking in nutritional value. Nor does Plaintiff assert that he was ever denied food. Plaintiff states only that the food is "not worthy of consumption." Without further information, Plaintiff has not demonstrated that the food presents an immediate danger to his health or well-being, or that he has been substantially deprived of food. Even construing Plaintiff's claim liberally, he only appears to assert that his food is unpleasant, a fact which does not rise to the level of a constitutional violation. Accordingly, Plaintiff has failed to state a cognizable claim under either the Eighth or Fourteenth Amendment.

C. Poor Ventilation

Finally, Plaintiff asserts that the ventilation system at the Atlantic County Justice Facility is "outdated" and "no good." The Constitution does provide the right, under both the Eighth and Fourteenth Amendments, to adequate ventilation. *See Carter v. Owens*, No.17-00182, 2017 WL 3107204, at *20-21 (D.N.J. July 20, 2017) (holding that "[T]he Eighth Amendment affords a right to adequate ventilation and to be free from extreme hot and cold temperatures"); *Wilson v. Cook Cnty. Bd. Of Comm'rs*, 878 F. Supp. 1163, 1169 (N.D. Ill. 1995) (finding that "if inadequate ventilation can amount to cruel and unusual punishment under the Eighth Amendment, it would also amount to prohibited punishment under the Fourteenth Amendment.") That right does not ensure, however, that inmates will be free from all discomfort during their period of incarceration. *Carter*, 2017 WL 3107204, at *21 (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To be considered a constitutional violation, inadequate ventilation must "undermine[] the health of inmates and the sanitation of the penitentiary." *Id.* (quoting *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (internal citation omitted) (alteration in original).

In the instant complaint, Plaintiff fails to allege any facts aside from his assertions that the ventilation system is "outdated" and "no good." Plaintiff does not indicate that the ventilation system is not functioning. Plaintiff does not contend that the temperature is too hot or too cold within the prison. Nor does Plaintiff claim that he is suffering from discomfort or any health problem as a result of the ventilation system. There are no facts put forth that even indicate there is a lack of ventilation, let alone a sufficiently serious problem. Without more, Plaintiff's claim fails to provide sufficient facts to state a claim under either the Eighth or Fourteenth Amendment.

D. Warden of the Atlantic County Justice Facility

Despite finding that Plaintiff has failed to state a claim of unconstitutional conditions of confinement, this Court will also address Plaintiff's allegation against the sole defendant in this complaint, the warden of the Atlantic County Justice Facility. Plaintiff does not mention the warden within the complaint, except to name her as the defendant.

In order to prevail under § 1983, a plaintiff must assert the defendant had personal involvement in the alleged wrongs, and liability cannot be predicated solely on the operation of *respondeat superior. Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12–7538, 2013 WL 1844636, at *3 n. 1 (D.N.J. Apr.29, 2013). Additionally, these allegations must be made with "appropriate particularity." Rode, 845 F.2d at 1207.

Here, Plaintiff has failed to allege any facts suggesting that the warden had any personal knowledge of the alleged black mold, poor ventilation, or food "not worthy of consumption." Neither does Plaintiff suggest that the warden should have known of said conditions. As stated above, Plaintiff's only mention of the warden in his complaint is naming her as defendant. Accordingly, Plaintiff's complaint fails to state a viable § 1983 claim the warden of Atlantic County Justice Facility.

V. CONCLUSION

For the foregoing reasons, Plaintiff's condition of confinement claims against the warden of the Atlantic County Justice Facility will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), for failure to state a claim. However, because Plaintiff may be able to supplement his pleading with facts sufficient to state a

claim, the Court will grant Plaintiff leave to move to amend his complaint within 30 days of this Opinion and Order. Any motion to amend the complaint must include a proposed amended complaint that shall be subject to screening.

September 11, 2018

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge